PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:22-MC-00083-KJM-JDP |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $360,920.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. In July 2021, agents with the Federal Bureau of Investigation ("FBI") and the San Joaquin Metropolitan Narcotics Task Force ("METRO") opened a joint investigation into Ramiro Maldonado-Cervantes ("claimant" or "Maldonado-Cervantes") and several of his associates. On or about September 1, 2021, METRO agents seized the Approximately $360,920.00 in U.S. Currency (hereafter "defendant currency") pursuant to a state search warrant.

2. FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about December 3, 2021, FBI received a claim from Maldonado-Cervantes asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that in June 2021, San Joaquin County law enforcement received a complaint that Maldonado-Cervantes and others were

growing marijuana in San Joaquin County. On September 1, 2021, after a flyover confirmed marijuana activity on agricultural land frequented by Maldonado-Cervantes, law enforcement executed a state search warrant at Maldonado-Cervantes' residence in Stockton, California. The search uncovered 178 pounds of processed marijuana in one-pound bags and $360,200.00 of the defendant currency concealed underneath the basement's subfloor in an ammunition can. An additional $720.00 was found in the kitchen and in Maldonado-Cervantes' wallet. The defendant currency was broken down in the following denominations: 3,501 $100 bills, 215 $50 bills, 2 $20 bills, 1 $10 bill, 2 $5 bills, 1 $2 bill, and 8 $1 bills.

4.  The United States represents that on May 18, 2022, Ramiro Cervantes Maldonado, aka Ramiro Maldonado-Cervantes, and two others were charged with multiple drug violations in the San Joaquin County Superior Court, Case No. CR-2020-0005072. Maldonado-Cervantes was charged with five counts of Possession of Marijuana for Sale in violation of Health and Safety Code 11359(b), four counts of Cultivation of Marijuana; More Than Six Plants in violation of Health and Safety Code 11358(c), two counts of Conspiracy to Commit a Crime in violation of Penal Code 182(A)(1), and one count of Possession of Money or Instruments Over $100,000.00 in violation of Health and Safety Code 11370.6(a). On October 31, 2022, Ramiro Cervantes Maldonado, aka Ramiro Maldonado-Cervantes, and four others were charged with multiple drug violations in Stanislaus County Superior Court, Case No. CR-22-011714. Maldonado-Cervantes was charged with two counts of Allowing Place for Preparing or Storing Controlled Substance in violation of Health and Safety Code 11366.5(a). The companion state court criminal cases are based on the same conduct forming the basis of this seizure. Both state court criminal cases are currently pending.

5.  The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6.  Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Claimant acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim

or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $291,000.00 of the Approximately $360,920.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $69,920.00 of the Approximately $360,920.00 in U.S. Currency shall be returned to claimant Ramiro Maldonado-Cervantes through his attorney Richard M. Barnett.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: June 22, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE